# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SALAZAR ROBLES,  | 1:09-cv-01279-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR REMAND |
| v. | (Doc. 8.) |
| MANAGEMENT & TRAINING CORPORATION, et al., | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | |

**I.     RELEVANT PROCEDURAL HISTORY**

Jorge Salazar Robles ("Plaintiff"), a federal prisoner proceeding pro se, commenced this civil rights action on May 29, 2009, at the Kern County Superior Court, case number S-1500-CV-267478-DRL. (Doc. 1 at 1 ¶1, Exh. A.) On July 22, 2009, defendants Management & Training Corporation ("MTC"), Neil H. Adler and Burnett Rucker ("Defendants") removed this action to federal court. (Doc. 1.) On August 3, 2009, Plaintiff filed a motion to remand this action to the Kern County Superior Court. (Doc. 8.) On August 11, 2009, Defendants filed an opposition to Plaintiff's motion. (Doc. 9.) Plaintiff did not file a reply to the opposition. Plaintiff's motion to remand is now before the Court.

**II.    SUMMARY OF THE COMPLAINT**

Plaintiff's complaint is based on events allegedly occurring at Taft Correctional Institution ("TCI"), where he is presently incarcerated. Plaintiff names as defendants MTC, Neil

H. Adler (Warden), Lauri Watts (Health Services Administrator), and Burnett Rucker (Doctor). Defendants Adler, Watts and Rucker are employed by MTC at TCI.

Plaintiff alleges in the complaint as follows.

Prior to his incarceration at TCI, Plaintiff was housed at the CCA Detention Facility, a federal correctional facility in Arizona ("CCA"). At CCA, Plaintiff was scheduled for surgery to treat a painful hernia. However, he was transferred to TCI before the surgery took place.

Upon his transfer to TCI, Plaintiff requested the hernia surgery and was seen by Dr. Rucker, who found the hernia was not life-threatening and did not require surgery. Dr. Rucker prescribed Ibuprofen for Plaintiff's pain and recommended that Plaintiff wear an abdominal binder and avoid heavy lifting and strenuous activity. Plaintiff's condition was regularly monitored during several visits with a nurse at the TCI Health Services Department.

Dissatisfied with the treatment for his hernia, Plaintiff requested surgery via the prison grievance process, but his requests were denied. Plaintiff suffers extreme pain and cannot participate in his regular activities.

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth and Fourteenth Amendments of the California and United States Constitution, for failing to perform the surgery which was scheduled before he was transferred to TCI. Plaintiff requests as relief monetary damages, immediate surgery, declaratory relief, and payment of attorneys fees and costs.

### III. MOTION FOR REMAND

#### A. REMOVAL – 28 U.S.C. § 1441

Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, (1913); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir.

1976); La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 346 (3d Cir. 1974), cert. denied, 421 U.S. 937 (1975). However, under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

*Well-Pleaded Complaint Rule*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

### B. PLAINTIFF'S ARGUMENTS

Plaintiff argues that this action should be remanded to state court because Defendants have not established that the case arises under federal law. In support of this argument, Plaintiff discusses reasons he was unable to bring the case in federal court: (1) the case could not have been brought as a Bivens claim against defendant MTC, a private corporation, because Bivens does not apply to private corporations;[1] and (2) the case could not have been brought against the United States under the Federal Tort Claims Act, because Defendants were acting under color of federal law, not state law.[2] Plaintiff also argues that Defendants may not remove the case to federal court based on their ability to raise defenses under Bivens against MTC. Finally, Plaintiff argues that this case belongs in state court because he has remedies in state court for the injury he suffered under the Eighth Amendment.

### C. DEFENDANTS' OPPOSITION

Defendants oppose Plaintiff's motion primarily on the basis that the case was properly

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Plaintiff appears to misunderstand that the Federal Tort Claims Act creates a remedy against the United States for negligent acts by federal actors, not state actors. 28 U.S.C. § 1346(b)

3

removed to federal court pursuant to 28 U.S.C. § 1441(b). Defendants argue that because the case is based on federal law, the court has original jurisdiction pursuant to 28 U.S.C. § 1331. Defendants point to the complaint, in which Plaintiff alleges that his Eighth and Fourteenth Amendment rights, which arise under the United States Constitution, were violated. (Opp'n at 2:16-20; Cmp. at 7 ¶21.) Defendants also point to Plaintiff's admission in the complaint that his claims "arise pursuant to the constitution . . . and 28 U.S.C. § 1331." (Cmp. at 2.)

Defendants also argue that Plaintiff's case is based on federal law because it is a <u>Bivens</u> action, which provides a remedy in federal court against federal actors. Although the complaint alleges a § 1983 claim, which provides a remedy against state actors, Defendants contend this is a is <u>Bivens</u> action because Defendants are federal actors.[3]

Finally, Defendants argue that the removal is proper even if Plaintiff's <u>Bivens</u> claim cannot lie against defendant MTC, because the presence of a potential defense does not prevent a defendant from properly removing a case that is eligible for removal.

**C.     DISCUSSION**

The Court has reviewed Plaintiff's complaint, and Plaintiff clearly alleges that Defendants violated his rights under the Eighth and Fourteenth Amendment when they failed to perform surgery on him. Plaintiff clearly requests relief based on Defendants' failure to provide adequate medical care in violation of his rights under the United States Constitution. In the complaint, Plaintiff uses language describing the standard for inadequate medical care under the Eighth Amendment, alleging that Defendants were "deliberately indifferent," and that he had "serious medical needs." (Cmp. ¶¶1, 17, 21.) While such language, without more, is not enough to confer federal jurisdiction, <u>see</u> <u>The Fair</u>, 228 U.S. at 25, here plaintiff also makes specific reference to the Eighth Amendment, Fourteenth Amendment, and the United States Constitution. The well-pleaded complaint rule makes Plaintiff the master of his claim, but here Plaintiff has not relied exclusively on state law, so he may not avoid federal jurisdiction. Therefore, based on

---

[3] A § 1983 claim is properly brought against defendants acting under color of state law, whereas a <u>Bivens</u> claim is properly brought against defendants acting under color of federal law. 42 U.S.C. § 1983; <u>Bivens</u>, 403 U.S. 388.

4

clear evidence that Plaintiff's action arises under federal law, the court finds that the court has jurisdiction over the complaint, and the removal was proper.

Plaintiff's argument that the case does not arise under federal law because he cannot bring a <u>Bivens</u> claim against defendant MTC, or a FTCA claim against Defendants, is without merit. The fact that a case cannot succeed against one defendant, or on one claim, in an action does not cause loss of federal jurisdiction over the entire action. Also, as Defendants state, the presence of a potential defense does not prevent a defendant from properly removing a case that is eligible for removal.

Plaintiff's argument that the case should be remanded because he has remedies in state court also fails. Even assuming Plaintiff has state remedies available, here he may not avoid federal jurisdiction, because his complaint does not rely exclusively on state law. Accordingly, Plaintiff's motion for remand should be denied.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's motion for remand be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 8, 2010**         <u>/s/ **Gary S. Austin**</u>
                                                       UNITED STATES MAGISTRATE JUDGE