UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SALAZAR ROBLES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MANAGEMENT & TRAINING CORP., et al.,<br><br>　　　　Defendants. | 1:09-cv-01279-AWI-GSA-PC<br><br>ORDER DENYING MOTION TO DESIGNATE PLAINTIFF'S DAUGHTER AS ATTORNEY-OF-FACT<br><br>ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. 14.)<br><br>ORDER FOR PLAINTIFF TO FILE NOTICE OF CHANGE OF ADDRESS WITHIN FORTY-FIVE DAYS<br><br>ORDER DIRECTING CLERK TO<br>(1)　MAIL CHANGE OF ADDRESS FORM TO PLAINTIFF AT TWO ADDRESSES, AND<br>(2)　RETURN POWER OF ATTORNEY FORM TO PLAINTIFF'S DAUGHTER |

**I.　BACKGROUND**

　　Jorge Salazar Robles ("plaintiff") is a federal prisoner proceeding pro se with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff filed the complaint commencing this action on May 29, 2009, in the Kern County Superior Court. On July 22, 2009, defendants Management & Training Corporation, Neil H. Adler, and Burnett Rucker ("defendants")

1

removed this action to federal court. (Doc. 1.) On March 31, 2010, plaintiff filed an amended complaint, upon which this action now proceeds. (Doc. 16.)

On March 17, 2010, plaintiff filed a motion for the court to designate his daughter as his attorney-in-fact, to represent him in this action. In the alternative, plaintiff requested court-appointed counsel. (Doc. 14.) On May 19, 2010, plaintiff filed a notice of change of address, changing his address-of-record at the court to his daughter's address. (Doc. 18.) On July 30, 2010, plaintiff submitted a copy of a form for General Power of Attorney, signed by plaintiff on March 17, 2010, authorizing his daughter to act as his attorney.

## II.     REPRESENTATION BY A NON-ATTORNEY

Plaintiff requests the court to designate his daughter, a non-attorney, as his attorney-in-fact, to represent him in this case. A non-lawyer may not represent anyone but himself or herself in court. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Therefore, plaintiff's motion for the court to allow his daughter to represent him in this action must be denied.

## III.    COURT-APPOINTED COUNSEL

Plaintiff has also requested court-appointed counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff argues that he requires appointment of counsel because he is scheduled to be deported after his release from incarceration on June 8, 2010. Plaintiff also asserts that he is indigent and unable

to retain counsel to represent him in this case. Plaintiff also contends that his case presents complex matters, requiring an experienced attorney.

The court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. In the amended complaint, plaintiff brings allegations against defendants for denying him surgery for an abdominal hernia, claiming violation of his rights to adequate medical care under the Eighth Amendment. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case alleging inadequate medical care is not exceptional. This court is faced with similar cases by indigent prisoners almost daily. Plaintiff's assertion that he will be deported, without more, does not entitle him to court-appointed counsel. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id. Therefore, plaintiff's request for the appointment of counsel shall be denied.

## IV. ADDRESS-OF-RECORD AT THE COURT

Plaintiff has changed his address-of-record at the court to his daughter's address in Texas, asserting that he is due to be deported on or about June 8, 2010. There is no Federal Rule of Civil Procedure or Local Rule concerning the service of Court and other legal documentation at an address other than a pro se litigant's actual address. Local Rule 131, Local Rule 182(f), and Local Rule 183(b) require pro se litigants to inform the Court of their addresses and to keep the Court informed of any change in their addresses. There is no authority for the proposition that a pro se litigant can simply request the Court to serve him at a different address.

There may be special circumstances in which the court could serve a pro se litigant at a separate address. However, no such special circumstances are apparent here. Plaintiff notes that he is scheduled to be deported out of the country. Residence in another country alone is insufficient to warrant service at a location other than the pro se litigant's actual address. Moreover, service at a location other than plaintiff's place of residence can pose significant problems with ensuring that plaintiff receives all court

///

documentation, meets court deadlines and prepares and signs all of his own legal documentation as a party proceeding in pro se.

The Clerk of Court shall be directed to send plaintiff a change-of-address form. Plaintiff is required to complete and return the form to the court within forty-five days, notifying the court of his address of actual residence. Plaintiff is cautioned that pro se litigants are required to notify the Clerk and all other parties of any change of address, and absent such notice, service of documents at the prior address of the party shall be fully effective. See Local Rule 182(f). Moreover, plaintiff's failure to comply with an order or any Local Rule may be grounds for dismissal of the entire action. See Local Rule 110.

## V.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the court to allow his daughter to represent him in this action is DENIED;

2. Plaintiff's motion for court-appointed counsel is DENIED;

3. The Clerk of Court is DIRECTED to:

    (a) Mail a change-of-address form to plaintiff at both of the following addresses:

        (1) Jorge Salazar Robles
            13088-196
            Taft Correctional Institution
            P.O. Box 7001
            Taft, CA  93268

        (2) Jorge Salazar Robles
            3700 Powderhorn Dr.
            Round Rock, TX  78681

    (b) Mail the General Power of Attorney form, received by the court on July 30, 2010, to plaintiff's daughter at:

        Amalia Moses
        3700 Powderhorn Dr.
        Round Rock, TX  78681

4. Within forty-five days of the date of service of this order, plaintiff is required to file a notice of change of address, notifying the court of his address of actual residence; and

4

5. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   August 5, 2010                       /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE

5