# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SALAZAR ROBLES, | 1:09-cv-01279-AWI-GBC PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING DENIAL OF PLAINTIFF'S RENEWED MOTION FOR REMAND |
| v. | |
| MANAGEMENT & TRAINING CORPORATION, et al., | (Doc. 17) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.     Procedural History**

Jorge Salazar Robles ("Plaintiff"), a federal prisoner proceeding pro se, commenced this civil rights action on May 29, 2009, at the Kern County Superior Court, case number S-1500-CV-267478-DRL. (Doc. 1 at 1 ¶ 1, Exh. A.) On July 22, 2009, Defendants Management & Training Corporation ("MTC"), Neil H. Adler, Lauri Watts, and Burnett Rucker ("Defendants") removed this action to federal court. (Doc. 1.) On August 3, 2009, Plaintiff filed a motion to remand this action to the Kern County Superior Court. (Doc. 8.) On August 11, 2009, Defendants filed an opposition to Plaintiff's motion. (Doc. 9.) Plaintiff did not file a reply to the opposition. On February 9, 2010, the Court issued findings and recommendations recommending denying the motion to remand. (Doc. 12.) Plaintiff filed an objection to the findings and recommendations on February 19, 2010. (Doc. 13.) An order adopting the findings and recommendations and denying the motion to remand was filed on March 22, 1010. (Doc.

1

15.) Plaintiff filed a first amended complaint and renewed motion to remand on March 31, 2010. (Docs. 16 and 17.) Defendants did not file a response and Plaintiff's renewed motion to remand is now before the Court. Local Rule 230(l).

**II.     Complaint Allegations**

Plaintiff's amended complaint restates the same events allegedly occurring at Taft Correctional Institution ("TCI"), where he is presently incarcerated. The amended complaint omits the mention of the United States Constitution and federal code sections. Plaintiff again names Defendants MTC, Neil H. Adler (Warden), Lauri Watts (Health Services Administrator), and Burnett Rucker (Doctor). Defendants Adler, Watts and Rucker are employed by MTC at TCI.

Prior to his incarceration at TCI, Plaintiff was housed at the Correctional Corporation of America Detention Facility ("CCA"), a federal correctional facility in Arizona. At CCA, Plaintiff was scheduled for surgery to treat a painful hernia. Plaintiff was transferred to TCI prior to surgery being performed.

Upon his transfer to TCI, Plaintiff requested the hernia surgery and was seen by Defendant Rucker. After evaluating Plaintiff, Defendant Rucker determined the hernia was not life-threatening and did not require surgery. Defendant Rucker prescribed Ibuprofen for Plaintiff's pain, recommended that Plaintiff wear an abdominal binder, and avoid heavy lifting and strenuous activity. Plaintiff's condition was regularly monitored during several visits with a nurse at the TCI Health Services Department. Dissatisfied with the treatment for his hernia, Plaintiff requested surgery via the prison grievance process, but his requests were denied. Plaintiff alleges that he suffers extreme pain and cannot participate in his regular activities.

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth and Fourteenth Amendments of the California Constitution, for failing to perform the surgery which was scheduled before he was transferred to TCI. Plaintiff requests as relief monetary damages, immediate surgery, declaratory relief, and payment of attorneys fees and costs.

///

III. **Motion for Remand**

A. **Removal – 28 U.S.C. § 1441**

Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of Plaintiff's complaint, and an action "founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

B. **Plaintiff's Arguments**

As in the original motion, Plaintiff argues that this action should be remanded to state court because Defendants have not established that the case arises under federal law. In support of this argument, Plaintiff discusses reasons he was unable to bring the case in federal court: (1) the case could not have been brought under Bivens against Defendant MTC, a private corporation, because Bivens actions are not available against a private corporation;[1] and (2) the case could not have been brought against the United States under the Federal Tort Claims Act, because Defendants were acting under color of federal law, not state law.[2] Plaintiff also argues that Defendants may not remove the case to federal court based on their ability to raise defenses under Bivens against MTC. Finally, Plaintiff argues that this case belongs in state court because he has remedies in state court for the injury he suffered under the Eighth Amendment.

C. **Discussion**

The Court has reviewed Plaintiff's amended complaint, and Plaintiff clearly alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments when they failed to

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Plaintiff appears to misunderstand that the Federal Tort Claims Act creates a remedy against the United States for negligent acts by federal actors, not state actors. 28 U.S.C. § 1346(b)

3

perform surgery on him.  Plaintiff is still requesting relief based on Defendants' failure to provide adequate medical care in violation of his rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment. (Doc. 16, ¶¶ 1, 2, 20, 21.)  Plaintiff also uses language describing the standard for inadequate medical care under the Eighth Amendment, alleging that Defendants were "deliberately indifferent," and that he had "serious medical needs."  (Id., ¶¶ 17, 20, 21.) While such language, without more, is not enough to confer federal jurisdiction, Plaintiff makes specific reference to the Eighth and Fourteenth Amendments and the United States Constitution. (Id., ¶¶ 1, 2, 20, 21.)

      Plaintiff, by amending his complaint to insert California Constitution where previously he had used United States Constitution, has not changed the nature of the complaint.  The well-pleaded complaint rule makes Plaintiff the master of his claim.  However, the amended complaint has not relied exclusively on state law, so he may not avoid federal jurisdiction.  Even in Plaintiff's renewed motion to remand he references "[P]laintiff's Eight[h] Amendment claim, cruel and unusual punishment for lack of medical care and suffering. . . ." (Doc. 17, p. 4.) Therefore, based on clear evidence that Plaintiff's action arises under federal law, the Court finds that it has jurisdiction over this action, and removal was proper.

      Plaintiff's argument that the case does not arise under federal law because he cannot bring a <u>Bivens</u> claim against Defendant MTC, or a FTCA claim against Defendants, is without merit. As the previous findings and recommendations stated, 'the fact that a case cannot succeed against one defendant, or on one claim, in an action does not cause loss of federal jurisdiction over the entire action." (Doc. 12, p. 5:5-6.)

      Plaintiff's argument that the case should be remanded because he has remedies in state court also fails.  Even assuming Plaintiff has state remedies available, he may not avoid federal jurisdiction because his complaint does not rely exclusively on state law.  Accordingly, Plaintiff's motion for remand should be denied.

### IV.  CONCLUSION AND RECOMMENDATION

      Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for

1  remand be DENIED.[3]

2      These findings and recommendations are submitted to the United States District Judge
3  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days
4  after being served with these findings and recommendations, the parties may file written
5  objections with the court.  Such a document should be captioned "Objections to Magistrate
6  Judge's Findings and Recommendations."  The parties are advised that failure to file objections
7  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.
8  Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  IT IS SO ORDERED.

10
   Dated:    October 5, 2010
11                                                          UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff also seeks attorney's fees.  Even if Plaintiff had prevailed on his motion, he is not represented by an attorney and may not seek attorney's fees.

5