1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SALAZAR ROBLES, | 1:09-cv-01279-AWI-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| MANAGEMENT & TRAINING CORPORATION, et al., | (Doc. 16) |
| Defendants. | THIRTY DAY DEADLINE |

_____/

I.    **Procedural History**

 Jorge Salazar Robles ("Plaintiff"), a former federal prisoner proceeding pro se, commenced this civil rights action on May 29, 2009, at the Kern County Superior Court, case number S-1500-CV-267478-DRL.  (Doc. 1 at 1 ¶ 1, Exh. A.)  On July 22, 2009, Defendants Management & Training Corporation ("MTC"), Neil H. Adler, Lauri Watts, and Burnett Rucker ("Defendants") removed this action to federal court.  (Doc. 1.)  Currently pending before the Court is the first amended complaint, filed March 31, 2010.  (Doc. 16.)

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C §

1

1    1915(e)(2)(B).

2        In determining whether a complaint states a claim, the Court looks to the pleading

3    standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain

4    "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

5    Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

6    allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

7    accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

8    Twombly, 550 U.S. 554, 555 (2007)).

9        Under section 1983, Plaintiff must demonstrate that each defendant personally

10   participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

11   2002).  This requires the presentation of factual allegations sufficient to state a plausible claim

12   for relief.  Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.

13   2009).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability

14   . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal,

15   129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as

16   true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal

17   conclusions as true.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of

18   action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550

19   U.S. at 555).

20   **II.    Complaint Allegations**

21       Plaintiff brings this suit alleging deliberate indifference to his medical needs.  While

22   Plaintiff was a pretrial detainee he was diagnosed with a hernia and surgery was recommended.

23   (Doc. 16, ¶ 11.)

24       Once Plaintiff arrived at Taft Correctional Institution he went to Medical Health Services

25   to request surgery.  (Id., ¶ 12.)  Defendant Rucker diagnosed Plaintiff with an "incisional hernia"

26   that, in his opinion, did not require surgery at that time.  (Id., ¶¶ 10, 13.)  Defendant Rucker

27   recommended a hernia belt and Ibuprofen for the pain, which were provided to Plaintiff.

28   Plaintiff's condition continued to be monitored by a nurse.  (Id., ¶ 13.)  Plaintiff filed a grievance

requesting surgery to "alleviate his pain and suffering" which Defendant Watts responded to without reviewing the records from the prior facility recommending treatment. (Id., ¶ 14.) Plaintiff's grievance was denied by Defendant Adler on April 14, 2008, allegedly to save the institution money. (Id., ¶ 15.) Plaintiff has experienced extreme pain and suffering for several months and his activities have been restricted. (Id., ¶ 16.) Plaintiff seeks compensatory damages of one million dollars, punitive damages of two million dollars, and injunctive and declaratory relief. (Id., ¶ A-E.)

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**III.   Discussion**

    **A.      Deliberate Indifference to Medial Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a

3

1  substantial risk of serious harm exists" and he must make the inference.  Farmer v. Brennan, 511

2  U.S. 825, 837 (1994).

3         A difference of opinion between a prisoner and prison medical authorities as to proper

4  treatment does not give rise to a claim.  Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir.

5  1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).  Additionally, a difference of

6  opinion between medical providers regarding treatment does not amount to deliberate

7  indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

8         Plaintiff has failed to show that any named defendant was aware that he had a serious

9  medical need and failed to act in response.  Jett, 439 F.3d at 1096.  Plaintiff alleges that he

10 requested surgery based upon his prior recommendation that surgery be performed and his

11 appeals were based upon the difference in opinion between medical providers.  This is

12 insufficient to state a cognizable claim.  Sanchez, 891 F.2d at 242.

13        **B.    Defendant Liability**

14             **1.    MTC**

15        Plaintiff was a prisoner in federal custody and is seeking relief pursuant to Bivens which

16 recognized a private action where federal officers are alleged to have violated the constitutional

17 rights of citizens.  Correctional Services Corporation v. Malesko, 534 U.S. 61, 66 (2001).  A

18 Bivens action will not lie against the United States, agencies of the United States, or federal

19 agents in their official capacity.  See FDIC v. Meyer, 510 U.S. 471, 486 (1994).  Plaintiff's only

20 remedy for an alleged constitutional violation is against the individual official.  Malesko, 534

21 U.S. at 72.  Plaintiff has failed to state a cognizable claim against MTC since a private entity,

22 such as Defendant MTC, may not be sued in a Bivens action.  Id. at 71.

23             **2.    Official Capacity**

24        Plaintiff may not bring suit against government officials in their official capacity.  FDIC,

25 510 U.S. at 486.

26 **IV.   Conclusion and Order**

27        For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief

28 for a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint

4

within thirty days.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,  <u>Iqbal</u>, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Plaintiff's complaint, filed March 31, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    December 30, 2010

UNITED STATES MAGISTRATE JUDGE